108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeanne ELLIS, Plaintiff-Appellant,
v.
TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 95-17205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.*
Decided Feb. 20, 1997.
 
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. There are two issues presented in this appeal: (1) whether the administrator of an insurance contract governed by the Employee Retirement Income Security Act (ERISA) abused its discretion by denying benefits; and (2) if the administrator did not abuse its discretion, whether the insured nonetheless had reasonable expectations of coverage. After a thorough examination of the record and briefs, we affirm the district court's grant of summary judgment to Transamerica.
 
 Standard of Review
 
 3
 Where an ERISA plan vests the administrator or fiduciary with discretionary authority to determine benefit eligibility, we review that decision for an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Canseco v. Construction Laborers Pension Trust, 93 F.3d 600, 605 (9th Cir.1996). If a plan administrator or fiduciary has a conflict of interest, that fact must be weighed in determining if there were an abuse of discretion. Firestone, 489 U.S. at 115; see also Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996). A plan administrator has a conflict of interest if it has "an economic stake in the benefit decisions which it makes." Atwood v. Newmont Gold Co., 45 F.3d 1317, 1322 (9th Cir.1995).
 
 
 4
 We review de novo a district court's grant of summary judgment, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we review de novo the district court's determination that the administrator did not abuse its discretion in denying benefits. Snow, 87 F.3d at 331.
 
 Interpreting the Language of the Contract
 
 5
 Medical reports contained in the record indicate the decedent died, at least in part, as a result of seizure activity. The insuring clause of Transamerica's plan, however, states that coverage will be provided only for "specified loss resulting directly and independently of all other causes from bodily injury caused by accident occurring while this policy is in force." The policy excludes coverage for "loss caused by or resulting from ... [i]llness, disease, bodily infirmity or any bacterial infection other than bacterial infection occurring in consequence of an accidental cut or wound." The plan vests Transamerica with "discretionary authority to determine eligibility for benefits and to construe and interpret the plan/policy terms and provisions." We hold that Transamerica did not abuse its discretion in construing this language to deny benefits. See McClure v. Life Ins. Co., 84 F.3d 1129 (9th Cir.1996) (holding under a de novo standard of review that identical exclusionary language would bar recovery of benefits if a preexisting condition contributed to the loss, even if the claimed injury was the predominant or proximate cause of the loss).
 
 Reasonable Expectations of Coverage
 
 6
 The doctrine of reasonable expectations applies to ERISA-governed insurance contracts. Saltarelli v. Bob Baker Group Med. Trust, 35 F.3d 382 (9th Cir.1994). The doctrine provides that:
 
 
 7
 [a]n insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured.
 
 
 8
 Id., at 386.
 
 
 9
 The exclusionary language in question is adequately clear. The policy states that it covers only loss resulting "directly" from accidents, and only if that loss resulted "independently of all other causes," including illness and disease.
 
 
 10
 The policy's limiting and exclusionary provisions are also conspicuous and plain. The illness/disease exclusion: (1) was set off in a separate paragraph; (2) was written in the same font and letter size as the rest of the contract; and (3) was placed under a bold-faced heading that used all capital letters. See Winters v. Costco Wholesale Corp., 49 F.3d 550, 555 (rejecting beneficiary's claim after finding similar clarity in plan's exclusionary clauses). The language limiting coverage to loss "resulting directly and independently of all other causes" is also quite conspicuous. Placed under the heading "PLAN SUMMARY," this language is contained in the first sentence of the first page of the contract.
 
 
 11
 For the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3